THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BANCO POPULAR DE PUERTO RICO,**

Appellant-Creditor,

vs.

**WANDA I. SANTIAGO-SALICRUP,**

Appellee-Debtor.

Civil No. 20-1361 (ADC)

## OPINION AND ORDER

Before the Court is a notice of appeal and statement of election of the U.S. District Court of Puerto Rico ("the Court") by Banco Popular de Puerto Rico ("appellant"), an unsecured creditor in Bankruptcy Case No. 19-6953 (ESL). **ECF No. 1**. Appellant requests this Court to review and reverse an Opinion and Order by the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") denying appellant's objection to appellee's claim of exemption under the Puerto Rico Home Protection Act of 2011, as amended, PR Laws Ann. tit. 31, § 1858-1858k ("Home Protection Act"). **ECF No. 1-2**. Appellant and appellee opportunely filed their corresponding briefs before this Court. **ECF Nos. 6, 13, 16**. After thoroughly considering the parties' briefs and the record on appeal, for the reasons discussed below, the Court **REVERSES** the Bankruptcy Court's Opinion and Order. **ECF No. 1-2**.

I. **Procedural Background**

On November 26, 2019, appellee filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. **ECF No. 1-3.** On December 24, 2019, appellant filed an unsecured claim in the amount of $143,172.94 for a mortgage loan granted to appellee on July 30, 2013. **ECF No. 6-1** at 26-77. On January 5, 2020, appellee presented an exemptions schedule which listed a claim for a homestead exemption[1] as to a residential property located in Urbanización San Genaro, Calle Nevada #310, San Juan, Puerto Rico, 00926 ("the property"). **ECF No. 6-1** at 105.

On February 27, 2020, after the Meeting of Creditors was held, appellee submitted an Amended Plan and an amended Schedule C, including the homestead exception as to the property, citing the Home Protection Act of 2011. **ECF No. 6-1** at 153-56, 168. On March 13, 2020, appellant filed before the Bankruptcy Court an objection to appellee's claim of homestead exemption under Section 522(l) of the Bankruptcy Code and Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure, alleging that appellee failed to comply with the requirements of the Home Protection Act. *Id.* at 176-187.

Specifically, appellant argued that appellee did not (1) file a sworn motion including the description of the property as described in the Property Registry and a statement averring that the property is her primary residence; (2) disclose whether the property was registered in the

---

[1] Appellee incorrectly cited the repealed Puerto Rico Homestead Act, Law No. 87 of 1936, 31 P.R. Laws Ann. §1851-1857.

Registry; (3) submit the sworn statement required by Article 12 of the Home Protection Act together with Schedule C; or (4) explain why the property was not registered in her name. **ECF No. 6-1** at 179, 182.[2]

On June 10, 2020, appellee responded to appellant's objection and submitted various exhibits in the Spanish language, namely, the Deed of Purchase for the property, a Real Property Certificate issued by the Property Registry on December 18, 2019, a homestead deed dated November 25, 2019 and its certificate of presentation to the Property Registry. **ECF No. 6-1** at 235-287. On July 2, 2020, appellant replied, rebutting appellee's arguments on the merits and moving the Bankruptcy Court to disregard the exhibits submitted by appellee in the Spanish language without leave of Court or certified English translations. **ECF No. 6-1** at 308-321.

On July 10, 2020, the Bankruptcy Court issued the Opinion and Order denying appellant's objection to the homestead exception. **ECF No. 6-1** at 374-79. On July 24, 2020, appellant opportunely filed a notice of appeal before this Court challenging the Bankruptcy Court's Opinion and Order, and the parties filed their corresponding briefs thereafter. **ECF Nos. 1, 6, 13, 16**.

Appellant's proffer that the Bankruptcy Court erred in denying its objection to the homestead exception rests on various arguments. **ECF No. 6**. First, appellant avers that appellee was not the registered owner of the property at the time of the filing of the petition and failed to

---

[2] That same day, the Bankruptcy Court entered an order confirming the Chapter 13 plan. **ECF No. 6-1** at 188-89. Appellant filed a motion for reconsideration seeking to vacate said order which was denied but is not object of this appeal. *Id.* at 193-205.

comply with the Home Protection Act's Articles 11 and 12. Second, appellant contends that the Bankruptcy Court's findings of facts improperly relied on untranslated Spanish documents, without the required certified English translations, in violation of Bankruptcy Local Rule 9070-1(c), Loc. Civ. R. 5(g) and 48 U.S.C. §864.  Lastly, appellant argues that the Bankruptcy Court failed to address the potential conflict of interest of appellee's bankruptcy attorney, who acted as notary public for appellee's homestead declaration deed and provided advice prior to the bankruptcy filing.

## II.     Standard of Review

On appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013; 28 U.S.C § 158. District courts review a bankruptcy court's findings of fact under the "clearly erroneous" standard and its conclusions of law under de novo review. *Brandt v. Repco Printers & Lithographics, Inc.* (*In re Healthco Int'l, Inc.*), 132 F.3d 104, 108 (1st Cir. 1997). Specifically, if the issue on appeal is essentially one of statutory interpretation, the court shall review the issue de novo. *In re San Miguel Sandoval*, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)). For instance, a bankruptcy court's disallowance of an exemption is generally subject to de novo review. *In re Massey*, 465 B.R. at 723.

Additionally, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision

is within the discretion of the Bankruptcy Court." *In re San Miguel Sandoval*, 327 B.R. at 506 (quoting 9E Am. Jur. 2d Bankruptcy § 3512 (2004)). "'Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" *Perry v. Warner* (*In re Warner*), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir. 1988)). In light of the above, the Court reviews de novo the Bankruptcy Court's denial of appellant's objection to appellee's claim for the homestead exemption.

### III. Discussion

As a threshold matter, this Court must address appellant's argument as to the lack of certified English translations of various key documents. It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English. *Estades-Negroni v. Assocs. Corp. of N. Am.*, 359 F.3d 1, 2-3 (1st Cir. 2004) (citing 48 U.S.C. § 864 (2003)). This rule necessarily extends to bankruptcy proceedings as well as bankruptcy appeals. *In re Ortíz*, 2014 Bankr. LEXIS 4076, *2-3 (holding that U.S. Bankruptcy Courts are units of the U.S. District Courts. See 28 U.S.C. § 151). Pursuant to Local Civ. R. 5, all documents to be considered by the Court must be in English or certified translations thereof. Similarly, P.R. LBR 9070-1 requires that "[a]ll exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator." The Bankruptcy Court for the District of Puerto Rico has been clear that "[a]ny evidence presented that does not comply with

this rule will not be admitted into evidence." *Barbosa v. Banco Popular de P.R. (In re Gómez)*, 2014 Bankr. LEXIS 4517, *8-9.

The United States Court of Appeals for the First Circuit requires strict enforcement of the English-language requirement "where the untranslated document is key to the outcome of the proceedings." *Mendoza-Cardona v. Estado Libre Asociado de P.R.*, 59 F. Supp. 3d 309, 310 (D.P.R. 2014) (citing *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008)). As the First Circuit explained, allowing the outcome to turn on a non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id*. (citing *Dalmau*, 544 F.3d at 67). Therefore, district courts – and bankruptcy courts alike - should not consider such documents. *González-De Blasini v. Family Dep't*, 377 F.3d 81, 89 (1st Cir. 2004).

A review of the record shows that, in support of her opposition to appellant's objection to the homestead exemption, appellee submitted the following documents to the Bankruptcy Court, in the Spanish language: Exhibit I, Deed of Purchase for the property; Exhibit II, Real Property Certificate dated December 18, 2019; and Exhibit III, Homestead Deed and presentation receipt. **ECF No. 6-1** at 249-264. Appellee did not seek leave to file Spanish language documents nor submitted certified translations prior to the issuance of the Opinion and Order on appeal here. The Bankruptcy Court, moreover, did not address this matter despite appellant's timely request to disregard any documents in the Spanish language. In fact, as will be discussed below, some of the Bankruptcy Court's findings of fact regarding appellee's ownership of the

property and presentation of the purchase and homestead deeds are premised on these Spanish language documents. This clearly controverts applicable rules on this point.

Moreover, on appeal, appellee submits for the first time certified English translations of the property's Deed of Purchase (**ECF No. 13-1** at 1-6), Homestead Deed and presentation receipt (*id*. at 7-8, 11-14), Real Property Certificate dated December 18, 2019 (*id*. at 9-10), and a Title Search dated October 21, 2020 (*id*. at 17-18).

As to translations submitted for the first on appeal, the First Circuit held that "translation after the fact cannot retrospectively alter the record." *Estades-Negroni*, 359 F.3d at 3. The appellate court reasoned that "[t]o permit such translations to augment the record as an equitable exception would inevitably swallow the English-only rule over time. Moreover, under a bilingual pre-trial regime, parties with Spanish-language evidence would prefer bilingual judges, and non-Spanish speaking parties would have to contend with incomprehensible records." *Id*.

Recently, the First Circuit Bankruptcy Appellate Panel disregarded translations of relevant documents submitted for the first time on appeal, explaining "we may not consider them for two reasons. First, our review is limited to the evidentiary record compiled in the bankruptcy court. Second, the First Circuit has made it clear that 'translation after the fact cannot retrospectively alter the record.'" *Wiscovitch-Rentas v. Banco Popular De P.R. (In re Rivera)*, 600 B.R. 132, 140 (1st Cir. BAP 2019) (citations omitted). A similar reasoning applies here. As a result,

this Court cannot consider the contents of any documents filed in the Spanish language before the Bankruptcy Court or any translations submitted for the first time on appeal.[3]

Aside from its procedural arguments, appellant argues erroneous application and interpretation of law by the Bankruptcy Court as to appellee's claim for a homestead exemption. It is black letter law that when a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate subject to the debtor's right to reclaim certain property as exempt under applicable law. 11 U.S.C. §§ 522, 541, *In Re Colón*, 525 B.R. 1, 2 (Bankr. D.P.R. 2015). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors*." In re Nazario*, 533 B.R. 1, 4 (Bankr. D.P.R. 2015) (citations and internal quotation marks omitted). Exempt property will be excluded from the bankruptcy estate unless a party in interest objects. 11 U.S.C. § 522(l); *see Schwab v. Reilly*, 560 U.S. 770 (2010).

In Puerto Rico, among the exemptions that may be claimed is the homestead exemption over a debtor's principal residential property under the Home Protection Act. When construing state-law exemptions, a state's rules must be followed. *In re Nazario*, 533 B.R. at 5. "In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose

---

[3] Case law is clear that "[i]f the untranslated documents are essential to the resolution of an issue on appeal, the lack of a translation undermines meaningful appellate review." *Torres Martínez v. Arce (In re Torres Martínez)*, 397 B.R. 158, 167 (BAP 1st Cir. 2008) (citing *United States v. Rivera-Rosario*, 300 F.3d 1, 10 (1st Cir. 2002)). In this case, however, the Court can conduct meaningful appellate review by addressing whether the Bankruptcy Court erred in its interpretation of the law and its applicability to the facts as established by the evidence submitted to the Bankruptcy Court.

of the lawmaker. Questions of applicability of a Puerto Rico exemption must be resolved in favor of the exemption." *In re López*, No. 12-09126 (ESL) (Bankr. D.P.R. 2013), 2013 WL 3490920 at *3 (not reported in B.R.) (citing *Laguna v. Quiñones,* 23 P.R. R. 358, 360–361, 23 D.P.R. 386, 389 (1916); *Marty Pérez v. Ramírez Cuerda,* 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954)); *see Caron v. Farmington Nat'l Bank* (*In re Caron*), 82 F.3d 7, 10 (1st. Cir. 1996) (federal courts are required to interpret exemption laws liberally in a debtor's favor "to reflect their remedial purposes").

The Protection Act was amended in 2012 "to clarify that the intent of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings." *In re Hernández*, 487 B.R. 353, 356 (Bankr. D.P.R. 2013); PR Laws Ann. tit. 3, § 1858-1858k. A bankruptcy debtor who wishes to properly claim the Home Protection Act exemption, notwithstanding, must comply with the requirements of said law as of the date of the filing of the bankruptcy petition. *In re Hernández*, 487 B.R. at 365. A review of the Home Protection Act, however, reveals a "less than artful construction" that requires a careful analysis of that statute "as a harmonious whole, with its various parts being interpreted within their broader statutory context in the manner that furthers statutory purposes." *Id*. at 362, 367.

Article 3 of the Home Protection Act establishes two indispensable requirements for an individual's entitlement to the Puerto Rico homestead right: (1) ownership of the property over which the homestead right is being claimed; and (2) that it be occupied as the principal residence by the individual claimant or his/her family. P.R. Laws Ann. Tit. 31, § 1858; *see In re Nazario*, 533

B.R. at 4; *In re Hernández*, 487 B.R. at 357; *Rivera García v. Registradora*, 189 P.R. Dec. 628, 636-637 (2013).

Article 9, meanwhile, provides two ways in which property owners can assert their homestead right in certain cases, namely: (i) by declaring it in the purchase deed upon acquisition of the property; or (ii) if the property has already been recorded with the Property Registry of Puerto Rico in the name of the homestead claimant, by "executing a declaration before a notary public stating that the parcel is covered by homestead protection." P.R. Laws Ann. Tit. 31 § 1858f.[4]

On the other hand, "Article 11 of the [] Home Protection Act precisely addresses situations where the homestead right is claimed on a residence that is not registered at the Property Registry or where the express declaration of homestead has not been annotated or entered at the Property Registry." *Méndez-Garcia*, 2018 U.S. Dist. LEXIS 168523, *18-19 (citing *In re Hernández*, 487 B.R. at 366); P.R. Laws Ann. tit. 31 § 1858i. Specifically, Article 11 provides that "[t]he fact that a parcel has not been registered in the Property Registry of Puerto Rico, or that the declaration of homestead has not been filed with or entered in the Property Registry, shall in no

---

[4] Article 9 further establishes that "[i]nsofar as [a] property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner. Such declarations or notations shall only constitute prima facie evidence of the homestead right of such property." P.R. Laws Ann. Tit. 31 § 1858f. Accordingly, the recordation mandate included in Article 9 is directed at the Property Registry of Puerto Rico regarding notarial acts declaring homestead rights that titular registrants may present in order to secure legal rights over real property before third parties. *Id*. at §§ 1858f, 1871-1872; *see Marín v. Montijo*, 109 P.R. Dec. 268, 272 (1979); 9 P.R. Offic. Trans. 351, 355-356. That is, Article 9 does not entail a recordation requirement directed at homestead claimants upon which the validity of a homestead rights declaration depends. *See id*.

way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in [Article 12]." P.R. Laws Ann. tit. 31 §§ 1858g-1858h. In the bankruptcy context, Article 12 requires that the debtor submit with the bankruptcy petition a sworn statement declaring that the property was his/her pre-petition principal residence. *In re Hernández*, 487 B.R. at 368.

In *Méndez-Garcia v. Rushmore Loan Mgmt. Servs.*, Civil No. 17-2345 (ADC), 2018 U.S. Dist. LEXIS 168523, *18 (Sept. 27, 2018), this Court confirmed that the Home Protection Act does not require that a homestead claimant's ownership title of a property be registered with the Property Registry of Puerto Rico in order for the claimant to declare a homestead right over that property. Instead, the essential requirements are the legal ownership of the property being claimed as a homestead, and that the property claimed as a homestead be the claimant's principal residence or that of his/her family. *Id*. at § 1858; *In re Nazario*, 533 B.R. at 4. This follows the fact that under Puerto Rico law, the existence or validity of legal ownership over real property does not depend on the owner's title being registered in the Property Registry of Puerto Rico.[5] *Méndez-García*, 2018 U.S. Dist. LEXIS 168523, *18-19 (citing *Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356).

---

[5] "It is a well-known fact that, except for a mortgage title, art. 1774 of the Civil Code, or a title subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. § 1291, the recording with the Registrar of Property is merely declarative and it is not a source of rights. *See Goenaga v. O'Neill de Milán*, 85 P.R.R. 162, 196 (1962); *Baldrich v. Registrar*, 77 P.R.R. 700, 705 (1954). The recording with the Registry is not a way of acquiring an interest on property, but of securing legally those rights already existing through publication in the registry. *Goenaga v. O'Neill de Milán, supra; see Jiménez v. Álvarez,* 69 P.R.R. 299, 308 (1948). Save for the two exceptions already mentioned [titles subject to the Horizontal Property Act and mortgages. 31 P.R. Laws Ann. §§ 1291, 5042] in our jurisdiction property rights are constituted, conveyed, modified and extinguished pursuant to the provisions of the Civil Code and other applicable substantive

Legal ownership and that the property is the claimant's principal residence alone, however, are not enough to confer a debtor in a bankruptcy proceeding the right to a homestead exemption. The Home Protection Act sets forth specific procedural requirements, which the Bankruptcy Court and this Court have expressly addressed. Pointedly, in *In re Hernández*, 487 B.R. at 368, the Bankruptcy Court held that "[c]ompliance with the requirements of the 2011 PR Home Protection Act is essential to properly claiming a homestead exemption in bankruptcy proceedings."

The Bankruptcy Court explained in detail the methods for claiming the homestead exception in a bankruptcy proceeding, which differ when the property is registered at the Property Registry vis a vis when it is not:

> [i]n cases where the real property is registered at the Property Registry, Article 9 governs the procedure by which homestead is claimed. In cases where the real property is not registered at the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern. Thus, when an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is or not registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act. If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence.
> *In re Hernández*, 487 B.R. at 368.

---

laws." *Méndez Garcia.*, 2018 U.S. Dist. LEXIS 168523, *18-19 (citing *Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356).

The Bankruptcy Court concluded, and appellee argues on appeal, that Article 9 applies in this case because despite not having the property registered in her name at the Property Registry, appellee is the legal owner of the property and she asserted a homestead right prior to filing for bankruptcy via a homestead deed presented at the Property Registry. **ECF No. 13** at 15. Such finding, however, is simply contrary to applicable law.

It is uncontested that at the time of the filing of the petition, appellee was not the registered owner at the Property Registry. The documentary evidence filed with the Bankruptcy Court shows that at the time of filing, the property was registered to Jaime Luis Pérez-Nazario and there was no annotation or declaration of homestead filed with or entered in the Property Registry.[6] Even so, the parties do not contest that appellee is the legal owner of the property.[7]

Legal ownership, nonetheless, does not alone suffice or exempt appellee from complying with the Home Protection Act's procedural requirements when seeking an exemption in the bankruptcy context. Since appellee was not the registered owner at the time of the filing of the

---

[6] Together with its objection to appellee's homestead exemption, appellant submitted a certified translation of a Title Study showing that Jaime Luis Pérez-Nazario was the registered owner and no annotation for a homestead exception was included. **ECF No. 6-1** at 186-187. Appellee, moreover, does not contest the fact that the property was not registered to her name at the time of the filing of the petition. Although appellee contends that the homestead deed was presented to the Property Registry prior to the filing of the petition, as discussed above, she did not submit to the Bankruptcy Court any documents in the English language evidencing such presentation.

[7] This Court notes that albeit appellee's legal ownership of the property is not contested by the parties, she did not submit the Deed of Purchase for the property, evidencing her ownership, together with the schedules. Instead, she submitted the Deed of Purchase for the first time, in the Spanish language, when opposing appellant's objection to the homestead exemption and never submitted a certified translation to the Bankruptcy Court. **ECF No. 6-1** at 235-252. Appellant, on the other hand, submitted the Note and Mortgage Deed for the property together with its proof of claim. **ECF No. 6-1** at 35-73.

petition, compliance with Articles 11 and 12 of the Home Protection Act was crucial to effectively claiming the homestead exemption.

In *In re Hernández*, 487 B.R. at 368, this Court expressly held that when an individual or head of family files for bankruptcy, she must disclose in Schedule C whether or not her claimed homestead is or not registered at the Property Registry. If the real property is registered in the debtor's name, she must show pre-petition compliance with Article 9 of the Home Protection Act. *Id.* If the real property is not registered in the debtor's name, she must submit with the bankruptcy petition the sworn statement required in Article 12 of the Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, she must declare that the real property was his/her pre-petition principal residence. *Id.*

Curiously, the Bankruptcy Court acknowledges that Article 11 addresses situations when the homestead right is claimed on a property not registered in the debtor's name in the Property Registry, but rejected its applicability in this case despite recognizing that the property was not registered in appellee's name as of the filing of the petition. **ECF No. 1-2** at 4. In so doing, the Bankruptcy Court rested on the blanket assertion that "debtor acquired the property following applicable law" since the non-inscription of the property deed was not "due to the debtor's fault and appears to be in the process of being resolved" and debtor "executed a homestead declaration and submitted the same to the Property Registry." *Id.* at 6. This reasoning, nonetheless, misses the mark.

A review of the record before the Bankruptcy Court shows that the Deed of Purchase for the property was never recorded because of defects duly notified by the Property Registrar to the authorizing notary public and consequently, the presentation entry expired. *See* **ECF No. 6-1** at 360-61. The Mortgage Act is clear that "if the defects are corrected after the presentation entry has expired, a new entry shall be made which shall become effective from the date of the new entry." P.R. Laws Ann. Tit. 30 § 2275. Thus, even if ultimately registered to her name via a new entry, at the time appellee's petition was filed, the property was not registered in her name and as a result appellee should have complied with Articles 11 and 12 of the Home Protection Act. There is no evidence on the record that when she filed for bankruptcy, appellee disclosed in Schedule C whether or not her claimed homestead was registered at the Property Registry.

Additionally, the Bankruptcy Court's conclusion that Article 12 is inapplicable here since it is "centered on protecting the owner's right to a homestead right in case of foreclosure" disregards this Court's reading of Article 12 in *In re Hernández*. There, the Court expressly held that "if the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence." This holding adapts Article 12 to the bankruptcy context and cannot be merely ignored. There is no evidence on the record, in Spanish or English, showing that appellee here

asserted her homestead rights in a sworn statement as required by Article 12, declaring that the property is her pre-petition primary residence.

Even assuming for the sake of argument that Article 9 applied here – which is not the case – the fact remains that appellee never submitted certified translations of the homestead deed or the receipt evidencing its presentation at the Property Registry.[8] Consequently, such documentary evidence should not have been considered by the Bankruptcy Court. Absent such evidence, the Bankruptcy Court lacked basis for its finding that appellee filed a homestead deed prior to initiating the bankruptcy proceedings and had therefore complied with the Home Protection Act's requirements.

Lastly, the Bankruptcy Court's holding that the facts of this case are like those in *Méndez-García* flounders on further analysis. Albeit like the debtor in *Méndez-García*, herein debtor was not the registered owner at the time of the filing of the bankruptcy petition, the cases differ on several crucial fronts. In *Méndez-García*, 2018 U.S. Dist. LEXIS 168523, *7, the Court's appellate review hinged on the Bankruptcy Court's finding that therein debtor could not claim the homestead exemption under the Home Protection Act because the debtor was not the titular registrant in the Property Registry. The Court correctly concluded that although debtor was not the titular registrant of the property, her right to the homestead claim was predicated on her

---

[8] For the first time on appeal, appellee submits a certified English translation of the Deed of Purchase for the property dated July 30, 2013 and the Real Property Certificate issued by the Property Registry on December 18, 2019, which includes an entry for the designation of safe homestead by appellee. Moreover, appellee submitted for the first time on appeal the title study dated October 21, 2020, after appellee was registered as the owner of the property. **ECF Nos. 6-1** at 249-258; **13-1** at 1-18.

legal ownership of the residential property – duly established with the purchase deed - and it being her principal residence or that of her family. *Méndez-García*, 2018 U.S. Dist. LEXIS 168523, *19-20 (citations omitted). Thus, the fact that a debtor's title as a legal owner is not recorded in the Property Registry did not preclude her from claiming the homestead exemption in a bankruptcy proceeding. That is not the controversy at issue here.

Additionally, in *Méndez-García*, the Court noted therein debtor's compliance with the Home Protection Act's procedural requirements, stressing that "prior to the filing for bankruptcy in the ongoing case, appellee asserted her claim of Puerto Rico homestead rights over her residential property by means of a notarial act and a sworn statement before a Notary Public addressing the pertinent factors under the Puerto Rico Home Protection Act." **ECF No. 4-1** at 40-47.[9] Nonetheless, such sworn statement, required by Article 12, is absent in this case. Therefore, unlike the debtor in *Méndez-Garcia*, appellee failed to comply with the Home Protection Act's requirements within a bankruptcy proceeding.

The Court is sympathetic to appellee's plight. Failure to comply with the applicable law, however, cannot be ignored.[10] The Bankruptcy Court erred in its application of the procedural and substantive law in this case, and as a result, its Opinion and Order is **REVERSED**.

---

[9] The Court did not consider the content of the notarial act, inasmuch as appellee did not provide a certified English translation of the same, as required under Local Civ. R. No. 5(g). Nonetheless, therein appellee executed a notarial act and a sworn statement asserting the homestead rights prior to the filing of the ongoing bankruptcy case and the Court considered the notarized sworn statement which was submitted in both English and Spanish.

[10] This Court need not delve into appellant's arguments regarding appellee's counsel's alleged conflict of interest.

### IV. Conclusion

Considering the above, the Court hereby **REVERSES** the Bankruptcy Court's ruling at **ECF No. 1-2**, and the case is **REMANDED** to the Bankruptcy Court for proceedings consistent with this ruling.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March 2021.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**